```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

LOI TAN NGUYEN,                )
        Plaintiff,             )
                               )
     v.                        )     C.A. No. 04-11781-DPW
                               )
NMT MEDICAL INC.,              )
        Defendant.             )
```

MEMORANDUM AND ORDER

For the reasons set forth below, I will (1) deny plaintiff's motion for appointment of counsel; (2) allow in part and deny in part plaintiff's motion for sealing of public records of the case; and (3) direct the clerk to issue summons for service of the defendant.

BACKGROUND

On August 13, 2004, plaintiff Loi Tan Nguyen submitted for filing his self-prepared complaint accompanied by an application to proceed without prepayment of the filing fee and a motion for appointment of counsel. See Docket. Plaintiff alleges that defendant terminated his employment in violation of Title VII based upon his race (Asian) and national original (Vietnam). See Complaint ("Compl.") p. 1. He seeks equitable and monetary relief. Id. at p. 5. Attached to his complaint is a four-page medical report concerning plaintiff dated June 21, 2004. See Exhibit.

By Order dated October 29, 2004, plaintiff's Application to Proceed Without Prepayment of Fees was denied. On November

8, 2004, plaintiff paid the $150.00 filing fee and filed a motion to seal all public records of the case.

## DISCUSSION

I.  <u>Plaintiff's Motion for Counsel</u>

Pursuant to 28 U.S.C. S 1915(e)(1) this Court may, in its discretion, appoint counsel in a civil action.  Such appointment, however, is a privilege, not a right.  <u>See</u> <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991) ("there is no absolute constitutional right to a free lawyer in a civil case").

As an initial matter, plaintiff paid the filing fee and is not proceeding <u>in</u> <u>forma</u> <u>pauperis</u>.  Additionally, focusing on "the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself", I find that plaintiff has failed to establish that his case involves exceptional circumstances warranting the appointment of counsel.  <u>Id.</u> at 23-34 (citing <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2-3 (1st Cir. 1986)).  Accordingly, plaintiff's motion for appointment of counsel will be denied.

II.  <u>Plaintiff's Motion to Seal</u>

Under Local Rule 7.2, a party may request that materials be impounded until further order of the Court if the party demonstrates good cause for such an order.  L.R. 7.2(a).

However, the Court may not enter a blanket order allowing a party to file materials under seal.  See L.R. 7.2(e).  Instead, a motion for impoundment must be presented each time a document or group of documents is to be filed.  Id.

Here, plaintiff's one-page motion appears to be seeking to have both the complaint and accompanying medical record sealed.  Although plaintiff failed to request impoundment before the filing of these documents, I find that plaintiff has demonstrated good cause to impound the medical record accompanying the complaint.  However, to the extent that plaintiff (1) seeks to file the complaint under seal and/or (2) seeks a blanket order allowing the filing of future documents under seal, the motion will be denied.

    III.    The Clerk Shall Issue Summons

The Court's records indicate that plaintiff has now paid the $150.00 filing fee for this action.  Accordingly, the Clerk will be directed to issue summons for service so that plaintiff can arrange for service of the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.

                          ORDER

Based upon the foregoing, it is hereby

ORDERED, plaintiff's motion for appointment of counsel (Docket NO. 2) is DENIED: and it is further

3

ORDERED, plaintiff's motion to seal is allowed in part and denied in part. The Clerk is directed to impound the four-page medical record accompanying the complaint. The clerk shall attach a copy of this order to the envelope or other container containing this impounded material; and it is further

ORDERED, the Clerk shall issue summons for service of defendant. The summons shall be forwarded to plaintiff with a copy of this Memorandum and Order so that plaintiff can arrange for service of the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>17th</u> day of <u>November</u>, 2004.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE