UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOI TAN NGUYEN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 04-CV-11781-DPW |
| NMT MEDICAL, INC. | ) ) ) |
| Defendant. | ) ) |

## ANSWER OF DEFENDANT NMT MEDICAL, INC.

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, defendant NMT Medical, Inc. ("NMT" or "Defendant") hereby responds to the allegations contained in the complaint (the "Complaint") filed on August 13, 2004 by plaintiff Loi Tan Nguyen ("Plaintiff"), as follows:

### PARTIES

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.  Defendant admits the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION

3.  Defendant admits the allegation contained in Paragraph 3(a) of the Complaint that the Plaintiff is of Vietnamese descent. To the extent that the allegations contained in Paragraph 3 of the Complaint state conclusions of law, no response is required. To the extent the remaining allegations in Paragraph 3 of the Complaint contain averments of fact, Defendant denies them.

## FACTS

4. Defendant admits the following allegations contained in Paragraph 4 of the Complaint: that Kellywan Kan was a Research & Development Senior Technician at NMT; that Mr. Kan was employed prior to Plaintiff's employment at NMT; that Mr. Kan's cubicle was situated next to Plaintiff's cubicle when Plaintiff began working at NMT; that Plaintiff wrote an email to Cara Hard, NMT's Human Resource Manager, complaining that Mr. Kan was using profanities in his cubicle; that Ms. Hard and Lee Core, Plaintiff's supervisor, subsequently met with Plaintiff regarding his complaint about Mr. Kan; that Plaintiff called the Boston Police Department to lodge a harassment complaint against Mr. Kan; that the Boston Police Department responded to Plaintiff's call by arriving at NMT; that Mr. Core told Plaintiff that he should go home and should not return to work until NMT contacted him; that after completing its investigation into the incident between Plaintiff and Mr. Kan, Ms. Hard and NMT's Chief Financial Officer and Vice President Rick Davis telephoned Plaintiff to discuss the incident; and, that on June 26, 2003, NMT terminated Plaintiff's employment due to his misconduct and threats against a co-worker. Defendant denies the remaining allegations in Paragraph 4. To the extent that the allegations contained in Paragraph 4 of the Complaint state conclusions of law, no response is required.

## ARGUMENT

5. To the extent the allegations contained in Paragraph 5 of the Complaint state conclusions of law, no response is required. To the extent the allegations contained in Paragraph 5 of the Complaint contain averments of fact, Defendant denies them.

6. The allegations contained in Paragraph 6 of the Complaint constitute a prayer for relief, to which no response is required. To the extent the allegations in Paragraph 6 of the Complaint contain averments of fact, Defendant denies them.

USIDOCS 4933929v2

7. Paragraph 7 of the Complaint requests a trial by jury, to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As to each count of the Complaint, without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered the damages alleged in his Complaint, which is expressly denied, Defendant's actions or omissions did not proximately cause the alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered the damages alleged in his Complaint, which is expressly denied, such damages are too speculative to be recovered.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to allow recovery of punitive damages from Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has received wages or benefits from employment, self-employment, social security, unemployment compensation or workers' compensation after his employment with Defendant ceased, Defendant is entitled to a set-off of those amounts.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has complied with all laws and regulations and has otherwise satisfied its statutory obligations to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendant states that its actions with respect to Plaintiff were at all times reasonable, privileged and justified by legitimate business needs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee and could be terminated by Defendant at its discretion without notice or cause.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that at no time did it invade Plaintiff's privacy.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant states that it is not liable for the alleged actions of its non-managerial employees.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's treatment and termination of Plaintiff was not based on his race, national origin or any other unlawful criteria, but rather was based on legitimate, non-discriminatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend this answer to assert such defenses.

WHEREFORE, Defendant requests that this Court:

1. Dismiss the Complaint with prejudice in its entirety or enter judgment in Defendant's favor;

2. Deny all relief requested by Plaintiff;

3. Award Defendant its reasonable attorneys' fees, costs and expenses incurred in defending this action; and

4. Grant Defendant such further relief as is just, warranted and reasonable under the circumstances.

NMT MEDICAL, INC.
By its attorneys,


/s/ Julie Murphy Clinton
Jessica Foster (MA Bar #636841)
Julie Murphy Clinton (MA Bar #655230)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: January 24, 2005

### CERTIFICATE OF SERVICE

I, Julie Murphy Clinton, hereby certify that on January 24, 2005, I caused a copy of the foregoing Answer to be served by first-class mail upon the plaintiff, Loi Tan Nguyen.

/s/ Julie Murphy Clinton
Julie Murphy Clinton