**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| **LOI TAN NGUYEN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )    **Civil Action No. 04-CV-11781-DPW** |
| | ) |
| **NMT MEDICAL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

_____)

**REPLY MEMORANDUM IN FURTHER SUPPORT OF NMT MEDICAL, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

**Introduction**

NMT Medical, Inc. ("NMT" or the "Company") hereby submits this Reply to plaintiff

Loi Tan Nguyen's ("Plaintiff" or "Mr. Nguyen") Opposition to Defendant's Motion for

Summary Judgment (the "Opposition").  As set forth in NMT's Memorandum in Support of its

Motion for Summary Judgment (the "Memorandum") and herein, Mr. Nguyen's claims must be

dismissed because he has failed to establish triable issues of fact and has not adduced sufficient

evidence to sustain his ultimate burdens of proof with respect to his claims.  Mr. Nguyen's

Opposition is replete with unsupported and conclusory allegations, mischaracterizations of fact,

and incorrect legal conclusions.  NMT submits this Reply in order to respond to Mr. Nguyen's

erroneous statements concerning the facts and legal standards at issue and to affirm that nothing

in the Opposition precludes the entry of summary judgment in favor of NMT.

**I.    NMT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S**
**HARASSMENT CLAIM.**

       **A.**    <u>Plaintiff's Unsupported Allegations Do Not Create Disputed Issues of Material</u>
            <u>Fact.</u>

In his Opposition, Plaintiff attempts to support his harassment claim with numerous

mischaracterizations of record evidence, many of which are directly controverted by the exhibits

1

he submitted with his Opposition. As a matter of law, these unsupported and conclusory allegations do not create material issues of disputed fact and cannot be used to avoid summary judgment. See Quinones v. Buick, 436 F.3d 284, 290 (1st Cir. 2006) (finding plaintiff's subjective speculation presented in his affidavit and deposition testimony does not create disputed issues of material fact); Straughn v. Delta Airlines, Inc., 250 F.3d 23, 33 (1st Cir. 2001) (the summary judgment standard "compels summary judgment if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation") (internal citation omitted); Ayala-Gerena v. Bristol Meyers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (unsupported factual allegations are disregarded for purposes of summary judgment).

Specifically, Mr. Nguyen alleges that NMT never investigated his complaints of harassment, never attempted to resolve his complaints, and instead simply told him that Mr. Kan has a habit of using profanity and the Company could not do anything about this habit. (Opposition at pp. 2, 7). However, contrary to Mr. Nguyen's bare and unsupported allegations, the record evidence demonstrates that Ms. Hard undisputedly responded to Mr. Nguyen's initial email complaint within an hour of receiving it and met with him that same day to discuss his concerns. (NMT's Local Rule 56.1 Statement of Undisputed Material Facts ("SOF") at ¶ 5; Opposition Exhibit 1 at pp. 49-50). The evidence likewise reveals that the Company proceeded to conduct a thorough investigation of Mr. Nguyen's initial complaint. (See Company's investigation notes and communications, Opposition Exhibit 1 at pp. 49-51, 55-61, 85, 87-91).

The record evidence, including the Company's contemporaneous documentation attached as exhibits to Mr. Nguyen's Opposition, similarly demonstrates the Company's prompt and thorough investigation of Mr. Nguyen's second complaint regarding Mr. Kan's use of profanity, which he made nearly a year after his first complaint. (Opposition Exhibit 1 at pp. 43-47, 52-55,

62-68, 82-84, 86, 92-101).[1]  Further, it is a matter of undisputed record that the Company

suggested that Mr. Nguyen and Mr. Kan meet to discuss any interpersonal issues and that, while

Mr. Kan agreed to do so, Mr. Nguyen refused.  (Opposition Exhibit 1 at p. 67).  Moreover,

contrary to Mr. Nguyen's unsupported allegation that it was "unfair" for the Company to move

his cubicle instead of Mr. Kan's cubicle (Opposition at p. 4), the evidence demonstrates that Mr.

Core asked Mr. Nguyen if it would be helpful if the Company moved Mr. Kan's cubicle and that

Mr. Nguyen opposed such a move but was agreeable to moving his own desk.  (Opposition

Exhibit 1 at p. 68).  Accordingly, Mr. Nguyen has failed to demonstrate evidence of disputed

issues of fact.

   B.   Even If Mr. Nguyen's Allegations Were To Be Credited, His Claim Still Fails As
        A Matter Of Law.

   Even assuming, *arguendo*, that Mr. Nguyen's allegations were true, he has still failed to

support his claim that he was subjected to unlawful harassment due to his race or national origin.

Indeed, Mr. Nguyen previously admitted that he has no evidence that Mr. Kan's or NMT's

actions were in any way related to his race or national origin and that neither Mr. Kan nor NMT

ever made any comments relating to his race or national origin.[2]  (SOF at ¶ 18).  As discussed in

the Company's Memorandum, Mr. Nguyen's allegations of harassment consisting merely of a

co-worker's use of general obscenities in his own cubicle -- obscenities unrelated to race or

national origin -- are not sufficiently severe or pervasive, nor sufficiently objectively offensive

enough, to constitute harassment.  See e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 788

---

[1]  The Company disputes Mr. Nguyen's allegation that he complained about Mr. Kan to his supervisor Lee Core
between his two complaints to Ms. Hard (Opposition at p. 3), and there is no record evidence of any additional
complaints.  However, the number of complaints is immaterial as a matter of law to the determination of NMT's
Motion for Summary Judgment (the "Motion").
[2]  Mr. Nguyen's only statement describing Mr. Kan's use of profanity is that "Mr. Kan continued to use profanity
quite often, more aggressive, and direct his voice at plaintiff's cubicle although not in the direct manner such as
calling plaintiff's name but with an obviously implied tone and voice."  (Opposition at p. 3).  Again, this statement
is inadmissible as an "improbable inference" and "unsupported speculation."  See Straughn, 250 F.3d at 33.

(1998) (even in case where offensive language was related to plaintiff's protected class membership, the Court stated "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" do not constitute harassment) (internal citation omitted).[3]  Because the alleged "harassment" in this case was unrelated to Mr. Nguyen's race or national origin and because it also does not rise anywhere near the level required to sustain a claim, NMT is entitled to summary judgment as a matter of law.

## II.    NMT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DISCRIMINATION CLAIM.

Although Mr. Nguyen denies threatening Mr. Kan and behaving inappropriately during the incident that led to his termination (Opposition at p. 5), Mr. Nguyen has presented no evidence to challenge the contemporaneous documentation supporting the Company's position. Contrary to Mr. Nguyen's unsupported and incorrect allegation that NMT did not interview witnesses regarding the incident (Opposition at p. 7), the Company undisputedly interviewed seven witnesses, all of whom reported hearing and/or seeing Mr. Nguyen yell at and threaten Mr. Kan.  (SOF at ¶¶ 14-16; Opposition Exhibit 1 at pp. 104, 106-107, 109-113).[4]  In addition, despite Mr. Nguyen's denial that he behaved inappropriately, he offers no admissible evidence to contradict the Company's position that it terminated his employment because it found the seven witnesses to the incident to be credible and believed that Mr. Nguyen had threatened Mr. Kan

---

[3]  Although Mr. Nguyen alleges without support that NMT made "careless and blatant racial and national origin comments" (Opposition at pp. 4, 8), the only documents indicating any discussion of race or national origin are investigation notes containing the speculation of other employees that tensions between Mr. Nguyen and Mr. Kan might be due to differences between their cultures.  (Opposition Exhibit 1 at pp. 47, 65).  However, Mr. Nguyen never complained about race and/or national origin as motivation for any "harassment," nor did the Company's investigation into Mr. Nguyen's complaints reveal any such motivation.

[4]  Mr. Nguyen also attempts to mischaracterize Mr. Kan's report of the incident, stating that "the next day Mr. Kan affirmed twice with Ms. Hart [sic] that there was no threatening word."  (Opposition at p. 5).  While Mr. Kan initially stated (on one occasion, not two) that he did not recall Mr. Nguyen saying anything about "going outside" or taking matters outside, the exhibits submitted by Mr. Nguyen himself indicate that Mr. Kan did report to Mr. Forde that Mr. Nguyen behaved aggressively toward him.  (Opposition Exhibit 1 at p. 107).  Further, the exhibits show that the day after the incident, Mr. Kan told Ms. Hard that he now remembered Mr. Nguyen saying something about going outside, but that he was nervous and afraid the day before, tried to forget the incident, did not want to say anything, and did not want trouble.  (Opposition Exhibit 1 at p. 113).

and posed a safety risk to its employees.  (SOF at ¶¶ 16-17).  Instead, Mr. Nguyen again

impermissibly relies solely upon bare suppositions and conclusory allegations of bias.  See

Quinones, 436 F.3d at 290; Straughn, 250 F.3d at 33. [5]

Even more significant than Mr. Nguyen's lack of record evidence to support his claim is

his reliance on incorrect legal standards.  Contrary to Mr. Nguyen's assertions (see Opposition at

5, 7), an employer is free to terminate an at-will employee for threatening a co-worker *without*

determinative evidence of the employee's behavior; there is no legal requirement that an

employer show that it conducted an investigation in good faith, that such investigation met

standards such as promptness, impartiality or thoroughness, or that witnesses were given a

chance to review and sign investigatory reports.  Applying the correct legal standard for proof of

discrimination claims where, as here, there is no direct evidence of discrimination (and assuming

that Mr. Nguyen is able to present evidence sufficient to establish a *prima facie* case of

discrimination), NMT has produced sufficient credible evidence of the legitimate, non-

discriminatory business reason for its decision to terminate Mr. Nguyen's employment, i.e., that

it terminated Mr. Nguyen for inappropriate and threatening behavior after it investigated the

incident involving Mr. Nguyen and Mr. Kan and determined that a number of credible witnesses

had observed Mr. Nguyen aggressively gesture toward, yell at and threaten Mr. Kan.  See

Morgan v. Mass. Gen. Hosp., 901 F.2d 186, 190 (1st Cir. 1990) (finding employer articulated

legitimate reason for termination of employee where employee acted aggressively towards co-

---

[5]  There is nothing in the record reflecting any discriminatory animus by anyone at the Company.  Speculation by
co-workers as to cultural differences perhaps explaining tension between Mr. Kan and Mr. Nguyen does not indicate
such animus, and even if it did, it would not constitute evidence of discrimination by the Company with respect to
Mr. Nguyen's employment termination.  Ayala-Gerena, 95 F.3d at 96 (1st Cir. 1996) (stray remarks in the
workplace, particularly those made by non-decisionmakers, do not satisfy plaintiff's burden of proving
discrimination).

worker); Johnson v. Allyn & Bacon, Inc., 731 F.2d 64, 72-73 (1st Cir. 1984) (inability to get along with co-workers is a legitimate non-discriminatory reason for termination of employment).

Mr. Nguyen has presented no evidence to rebut NMT's legitimate, non-discriminatory business reason for his termination, or, more importantly, to show that NMT did not truly believe that Mr. Nguyen had behaved inappropriately by yelling at and threatening Mr. Kan. In the absence of any evidence that NMT's proferred reason for termination was pretextual, summary judgment is appropriate. See Quinones, 436 F.3d at 289-90 (plaintiff must produce evidence to create a genuine issue of material fact regarding whether the employer's articulated reason for its adverse action was a pretext and whether the real reason was discrimination to rebut defendant's articulated legitimate non-discriminatory reason for its action).

## III.    NMT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S INVASION OF PRIVACY CLAIM.

Mr. Nguyen claims in his Opposition that conversations he allegedly overheard -- in which employees did not even mention his name -- demonstrate an invasion of privacy. (Opposition at p. 5). However, if the conversation about an individual's engineering class grades that Mr. Nguyen alleges he overheard had been about Mr. Nguyen, it would not constitute evidence of an invasion of privacy. See French v. United Parcel Serv., Inc., 2 F.Supp.2d 128, 131 (D. Mass. 1998) (an invasion "must be both unreasonable *and* serious or substantial" to constitute an invasion of privacy). Further, Mr. Nguyen admitted in both his deposition and Opposition that he has no evidence that NMT invaded his privacy. (SOF at ¶ 19; Opposition at p. 6). Mr. Nguyen's hope that evidence of invasion of privacy can be discovered at trial (Opposition at p. 6) is unavailing; discovery has closed and summary judgment must be granted because conclusions, allegations and beliefs unsupported and unsubstantiated by admissible evidence do not establish genuine issues of material fact. See Fed. R. Civ. P. 56(e); Celotex

Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## IV.    CONCLUSION

Misunderstanding his burden at the summary judgment stage, Mr. Nguyen claims that, "[f]or the summary judgment to be granted defendant must be able to show sufficient evidences to defeat all the facts and arguments in the prima facie case." (Opposition at p. 9). In fact, however, it is Mr. Nguyen who "must produce sufficient evidence to support each and every element of his claim" if he is to avoid summary judgment. See Ianetta v. Putnam Investments, Inc., 183 F.Supp.2d 415, 423 (D. Mass. 2002).

Here, for all of Mr. Nguyen's rhetoric, he has adduced no "definite, competent evidence" to establish any genuine issue of material fact. See Ianetta, 183 F.Supp.2d at 420 (internal citation omitted). Instead, Mr. Nguyen conjures up suppositions and speculation as to NMT's motives for its actions, which cannot substitute for fact nor obscure the reality that his claims are frivolous and unsubstantiated. See Quinones, 436 F.3d at 290. The evidence, even in the light most favorable to Mr. Nguyen, supports NMT's Motion and, accordingly, this Court should grant summary judgment to defendant NMT on all claims.

NMT MEDICAL, INC.,
By its attorneys,

/s/ Julie Murphy Clinton
Laura E. Schneider (BBO # 562030)
Julie Murphy Clinton  (BBO# 655230)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Dated: October 17, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Julie Murphy Clinton, hereby certify that on October 17, 2006, I caused a copy of the foregoing document to be served, by electronic and first class mail, upon plaintiff Loi Tan Nguyen.

/s/ Julie Murphy Clinton
Julie Murphy Clinton

US1DOCS 5875693v3